J. L. PAUL & COMPANY, APPELLEES, v. WILLIAM D. DAVIDSON ET AL., APPELLANTS.

FILED JANUARY 16, 1895.   No. 5625.

1. **Judgments:** COLLATERAL ATTACK: INJUNCTION. The fact that a judgment has been rendered without jurisdiction by an inferior court does not in an independent proceeding in the district court justify a perpetual injunction against the prosecution of any action or remedy in respect to the cause of action upon which the judgment without jurisdiction was rendered.

2. ———: ———: ———. The evidence examined, and found not to justify the decree entered in the district court.

APPEAL from the district court of Dawes county. Heard below before BARTOW, J.

*E. S. Ricker*, for appellants.

*Spargur & Fisher, contra.*

RYAN, C.

This action was brought in the district court of Dawes county by J. L. Paul & Co. against William D. Davidson, to enjoin the enforcement of a judgment rendered for sixty-seven dollars and costs in the county court of the same county in favor of Davidson against J. L. Paul & Co. The relief sought was granted and not only the enforcement of the judgment of the county court perpetually enjoined, but in addition Davidson was for all time prohibited from asserting in any way the cause of action which had been set out in his bill of particulars filed in the county court upon which judgment had been rendered. The cause of action was that Davidson's exempt wages had been seized and appropriated to the payment of a judgment in favor of J. L. Paul & Co. against Davidson in proceedings before a justice of the peace. Davidson was a brakeman in the employ of the Fremont, Elkhorn & Missouri Valley Railroad Company when his wages were appropriated by garnishment proceedings. It may be that chapter 25, Laws, 1889, was not broad enough to entitle him to the judgment rendered against J. L. Paul & Co. in the county court. That question was one which could not be determined upon a collateral inquiry in an action to enjoin proceedings regularly pending in the county court. The court had jurisdiction, for the suit was in no sense an action to recover for malicious prosecution contemplated by section 907 of the Code of Civil Procedure. Whether the remedy given by chapter 25, Laws, 1889, was applicable was a question which should have been pre-

Paul v. Davidson.

sented in the county court, and if there was, error in the
judgment of that court, the judgment of the district court
could have been had on appeal.   It could not properly be
had by a collateral attack on the judgment of the county
court.

   In the petition for an injunction there was an averment
that the judgment of the county court had not been ren-
dered within four days of the trial had in that court.   This
question was in no way presented in the action wherein the
judgment was rendered.   The record made in the county
court shows that its judgment was in fact rendered on Feb-
ruary 5, 1892,—the day on which the trial was had.   The
affidavit of the county judge was to the effect that the trial
concluded on February 5, 1892, and that the judgment was
entered on the 8th as of date the 5th of February afore-
said.   Opposed to this showing was the affidavit of Allen
G. Fisher, one of the attorneys for J. L. Paul & Co., that
"a trial of the said cause was had on February 4, 1892,
but was not decided, and the court took it under advisement
until Friday, February 5, at 3 o'clock P. M., at which time
the arguments of counsel were had and the court then stated
that he would take it under advisement, and without mak-
ing any entries of judgment, and that on Wednesday fore-
noon, February 10, the court had made no record in said
cause, and has not yet [February 16, 1892] rendered any
decision in said cause, and that by reason of these facts and
circumstances the jurisdiction of the court was gone to take
any action in said cause, having failed to enter judgment
within four days after trial."   The trial in the district court
seems to have been had solely on the above described affi-
davits, submitted as evidence, together with a transcript of
the docket entries made in the county court.   Under these
circumstances, the entire evidence is presented in this court
with all the means of estimating its probability possessed
by the district court.   It seems to us that there was by this
evidence no such showing made of want of jurisdiction in

the county court to render the judgment complained of that such judgment should be treated as an absolute nullity, as must be the case to justify a perpetual injunction against its enforcement in a purely collateral proceeding. The judgment of the district court is

REVERSED.